UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RUSSELL THOMAS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:12-CV-532-WCL-PRC |
| | ) | |
| CITY OF GARY, *et al.*, | ) | |
|     Defendants. | ) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Plaintiff's Motion for Sanctions [DE 30], filed on July 9, 2014. No response has been filed, and the time to do so has passed. District Court Judge William C. Lee entered an Order [DE 32] on August 21, 2014, referring this matter to the undersigned Magistrate Judge for a report and recommendation on this motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

Plaintiff represents that he served Interrogatories and Requests for Production of Documents on September 16, 2013. Despite repeated informal requests, he was unable to get Defendants to serve him with responses. Plaintiff also represents that his attorney deposed Defendant Officer Lindal Hairston on March 27, 2014, and that Hairston's attorney advised Hairston not to answer a number of questions about his employment.

This led Plaintiff to file a Motion to Compel, which the undersigned, noting the lack of response, granted on May 29, 2014. The undersigned ordered Defendants to serve Plaintiff with written discovery responses and ordered Defendant Hairston to answer the questions his lawyer had objected to at the deposition in either a supplemental deposition or in an affidavit. The Court set

June 9, 2014, as the deadline for Defendants to comply.

Plaintiff represents that Defendants did not comply with this Order, but that he was served with 284 pages of documents, none of which were identified as to which Defendant served them. Plaintiff represents that Defendants did not serve Defendant Officer Hairston's responses to the unanswered deposition questions.

In light of these persistent failures, Plaintiff filed this Motion for Sanctions. As mentioned, Defendants again failed to respond. The motion asks the Court to sanction Defendants by ruling that Plaintiff's factual claims are established and ordering that Defendants are forbidden from opposing Plaintiff's claims.

The undersigned held a motion hearing on August 21, 2014. At that hearing, Plaintiff appeared by counsel and in person and Defendants appeared by their lawyer. At the hearing, the undersigned ordered Defendants to correct the deficiencies in their written discovery and serve them upon counsel for Plaintiff. The undersigned ordered Defendant Officer Hairston to submit, as soon as reasonably possible, to a supplemental deposition, at Defendants' expense. In order to facilitate this, the undersigned reopened discovery for the limited purpose of taking the supplemental deposition of Officer Hairston, ordering Plaintiff's attorney to file a status report with the Court when the deposition had been completed.[1] As for the sanctions requested at that time, the undersigned stated that he would issue a report and recommendation to Judge Lee, recommending that those requested sanctions be denied.

In light of this background, the Court now **RECOMMENDS** that Judge Lee grant Plaintiff's Motion for Sanctions [DE 30], but with relief different than requested. Given that discovery dispute

---

[1] To date, no such notice has been filed.

is now being resolved, an order ruling that Plaintiff's factual claims be deemed established and forbidding Defendants from opposing Plaintiff's claims would be excessive. Plaintiff, however, should not be forced to bear the costs of litigating this dispute. Accordingly, the undersigned **RECOMMENDS** that Judge Lee award Plaintiff reasonable costs (including attorney fees) caused by Defendants' failures. *See* Fed. R. Civ. P. 37(b)(2)(B)

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260–261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 7th day of October, 2014.

 s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record